551 So.2d 746 (1989)
CHEVRON U.S.A. INC.
v.
Ruffin Leon BERGERON, Jr., Alvin J. Paul, Theresa B.T. Tyes, Ernest L. Gardner, Jr., John B. Garner, Geraldine G. Hall, Joseph A. Taylor, Jr., Karen Taylor Crawford, M.D., Leah Ray Thornton, Cayman Exploration Corp., Albertine T. Davis, Mary Woodfork, Virginia T. Woodfork, and Production Investments, Inc.
No. CA 88 1061.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
Writ Denied December 1, 1989.
*747 John C. Christian, New Orleans, for Chevron U.S.A., Inc., plaintiff.
John Wayne Jewell, New Roads, for Alvin J. Paul, et al., defendants.
Davis A. Gueymard, Baton Rouge, for Mary Woodfork and Virginia T. Woodfork, defendants.
James C. Dewey, New Roads, for Ruffin Leon Bergeron, Jr., defendant.
Paul G. Borron, III, Plaquemine, for A. Wilbert's Sons Lumber & Shingle Co., defendant.
Karen Katz Westall, New Orleans, for Amoco Production Co., defendant.
Ernest L. Garner, Jr., Baton Rouge, in pro. per., defendant.
John B. Garner, New Roads, in pro. per., defendant.
Before EDWARDS, LANIER and FOIL, JJ.
FOIL, Judge.
At issue in this appeal is the action of the trial court in allowing concursus claimants who were found to be out of possession of a disputed tract of land sixty days in which to assert their claims of ownership of the property. We hold that the articles governing real actions, with respect to the method of asserting claims of possession and ownership and the burden of proof in those actions, apply to concursus proceedings where the ownership of property from which mineral royalties are derived is disputed, and affirm.

FACTS
Chevron U.S.A., Inc., filed this concursus proceeding, seeking to deposit with the court funds derived from mineral production in a unit designated as the 18,100' Tuscaloosa Sand Unit G, Moore-Sams Field, Pointe Coupee Parish. Chevron holds mineral leases on property in the unit, including a 6.456 acre tract designated as "Tract No. 18."
Prior to the institution of the concursus proceeding, Ruffin Bergeron brought a possessory action against Alvin Paul and several of his relatives, claiming to be in possession of "Tract No. 18." Chevron impleaded Bergeron and the Pauls in the concursus proceeding to assert their respective claims to the funds. Subsequently, Bergeron moved that the possessory action and the concursus proceeding be consolidated for trial. The trial court consolidated the two actions, along with a third possessory action not involving "Tract No. 18."
During trial, the Pauls also claimed to be in possession of "Tract No. 18." Although the Pauls are the record owners of the property, they did not attempt to prove ownership, but introduced title only to show the extent of their possession. The trial court ruled that Bergeron was in possession of the tract. In a judgment referencing the three consolidated actions, the trial court recognized Bergeron's possession, and ordered the Paul claimants to bring a petitory action within sixty days after the date the judgment became executory to assert their claims of ownership of the property. The judgment stated that if the Paul claimants did not do so, Bergeron would be entitled to the funds on deposit with the court, as well as all future revenues derived from production on the tract.[1]
Bergeron brought this appeal, claiming the trial court should have recognized him as the owner of the funds, without permitting the Paul claimants to assert their ownership claims in a petitory action.

DISCUSSION
In support of his argument that he should have been recognized as the owner of the mineral royalties by the trial court, *748 Bergeron relies on La.Code Civ.P. art. 3654, which states:
Art 3654. Proof of title in action for declaratory judgment, concursus, expropriation, or similar proceeding
When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
He also relies on La.Code Civ.P. art. 4662, which provides that the rules regulating ordinary proceedings apply "so far as practicable" to a concursus proceeding. He then points to La.Code Civ.P. art. 1915, which allows the rendition of partial judgments in ordinary proceedings in certain enumerated instances, none of which are present in this case.
Based on these articles, Bergeron contends the trial court was obligated to render judgment recognizing him as owner once it found him to be in possession of the property and no one proved ownership in the concursus proceeding. He argues that whenever the issues of possession and ownership arise in a concursus proceeding, those issues must be adjudicated in a single proceeding, on which a single judgment must be entered. He complains that what the trial court did was to impermissibly allow a separate action to be brought to adjudicate the ownership of the funds. This is unauthorized, he argues, because the rules of ordinary proceedings apply to concursus proceedings, and the trial court had no statutory basis for rendering what amounted to a partial judgment. He argues that the rules regulating real actions, which permit adjudication of possession prior to the adjudication of ownership, are inapplicable in concursus proceedings. He submits the Paul claimants should have been required to assert their ownership claims in the consolidated possessory action/concursus proceeding, and because they did not, they should be barred from asserting those interests in a separate action after judgment was rendered in the concursus proceeding.
The Pauls, on the other hand, argue that the rules governing real actions are applicable to concursus proceedings when the ownership of immovable property is at issue. They stress that at trial, the issue of possession was seriously contested, and although they are the record owners of the property, they did not attempt to prove ownership because they would have judicially confessed Bergeron's possession, and then would have to prove title "good against the world." See La.Code Civ.P. art. 3657; Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974).
We believe the only issue in this appeal is whether the rules regulating real actions, with respect to the method of asserting claims of possession and ownership of immovable property, apply where real rights are adjudicated in a concursus proceeding. We note at the outset, the primary purpose of a concursus proceeding is to protect the stakeholder from multiple liability, conflicting claims and multiple litigation in which the stakeholder may have no direct interest. Concursus contemplates a proceeding leading to a single judgment adjudicating all issues between the parties.[2] *749 Asian International LTD v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1064, 1067 (La.App. 1st Cir.1983).
Articles 3651 through 3671 of the Louisiana Code of Civil Procedure govern two types of "real actions": the action to protect possession (possessory action) and the action to assert ownership (petitory action). Where the ownership of immovable property is ultimately at issue, the codal provisions treat possession as a preliminary matter to be resolved prior to trial on the issue of ownership. Possession plays a crucial role in determining who bears the burden of proof in the action to assert ownership, and determines what type of proof is sufficient to prevail in that action. Thus, if one party is found to be in possession in the possessory action, the loser must assert an ownership claim within sixty days after the date the judgment becomes executory, or is barred from thereafter asserting an ownership claim. La. Code Civ.P. art. 3662. The party found out of possession bears the burden of proof in the petitory action. La.Code Civ.P. art. 3653. Against a party in possession, a party claiming ownership must prove title good against the world to prevail. Pure Oil Company v. Skinner, 294 So.2d, at 799. Additionally, an attempt to assert ownership in a possessory action carries a serious consequence: the person claiming ownership converts the action to a petitory action, judicially confesses the opponent's possession, and must then prove title good against the world in order to prevail. La. Code Civ.P. art. 3657.
Although concursus proceedings are not real actions, real rights are often adjudicated therein, and those rights are entitled to the protections afforded them by the articles governing real actions. La.Code Civ.P. art. 3654, which Bergeron claims directs a single action to adjudicate the issues of possession and ownership, is located in the section entitled "Real Actions." As originally adopted, the Official Revision Comments to this article state that the rules which give effect to the historic role of possession in determining the burden of proof of ownership are necessary in concursus proceedings where issues of ownership are adjudicated. The Comments further state the article adopts and broadens the suggestions made in Zengel, The Real ActionsA Study in Code Revision, 29 Tul.L. Rev. 617 (1955). In that article, the author cautioned that the rights of the possessor should be respected in a concursus proceeding. He recommended that where an issue of possession is presented between adverse claimants in a concursus proceeding, that issue should be disposed of before trial on the issue of ownership.
Recently, this court recognized that the rules regulating real actions apply in concursus proceedings where ownership of immovable property is at issue. In Chevron U.S.A., Inc. v. Landry, 546 So.2d 858, 861 (La.App. 1st Cir.1989), we stated:
... Under LSA-C.C.P. art. 3654, the burden of proof in a concursus proceeding is allocated in a specific order of preference. Possession is a preliminary matter which must first be resolved before the issue of ownership can be determined because, otherwise, the possessor's rights are infringed by forcing him to prove ownership. Although a concursus proceeding is not itself a real action, functionally issues of ownership are resolved by concursus. LSA-C.C.P. art. 3654 affords the same protections to the possessor in a concursus proceeding as are afforded him throughout the law, by providing that whoever would prevail in a possessory action will prevail in the concursus proceeding unless the adverse party proves his own title....
We reject Bergeron's argument that when real rights arise in a concursus proceeding, a single action must adjudicate both the issues of possession and ownership. We hold that where adverse claimants dispute possession and ultimately ownership of immovable property involved in a concursus proceeding, possession is a preliminary matter which must be resolved prior to adjudication of the issue of ownership. *750 Thus, the Paul claimants were entitled to challenge Bergeron's possession by asserting they were in possession of the property, without being forced to prove ownership at the outset of the proceedings. We conclude, therefore, that the trial court was correct in allowing the Paul claimants, who were found to be out of possession in the possessory action, to assert their claims of ownership of the disputed property through a petitory action.

DECREE
Based on the foregoing, we affirm the judgment of the lower court. Appellant, Ruffin Bergeron, is cast with costs of this appeal.
AFFIRMED.
NOTES
[1] In oral argument before this court, it was submitted by counsel for Ruffin Bergeron that the Paul claimants have timely filed a petitory action, claiming ownership of the disputed tract.
[2] Throughout his argument, Bergeron asserts that the trial court rendered a final judgment in the concursus proceeding which recognized his possession of the disputed tract. By rendering a judgment recognizing one party's possession and ordering the loser to bring a petitory action, the trial court is not rendering a final judgment in the concursus proceeding, but is awaiting rendition of a final judgment until the issue of ownership is finally resolved. This is entirely consistent with the purposes behind the concursus proceeding.