577 So.2d 747 (1991)
Nancy J. HIRSCHFELD
v.
Carol Holley ST. PIERRE, et al.
No. CA 90 0055.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
*748 Nancy Hirschfeld, pro se.
Madeleine M. Slaughter, New Orleans, for defendants-appellees.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
GONZALES, Judge.
This appeal involves a possessory action and suit for damages and injunctive relief. The peremptory exception raising the objection of no right of action filed by defendants, Carol Holley St. Pierre, Chester Lynn Holley and Thomas Laurence (hereinafter the "Holley Heirs"), in response to the petition of plaintiff, Nancy J. Hirschfeld, was sustained following a hearing on the matter and judgment was rendered dismissing plaintiff's claims. Ms. Hirschfeld has appealed and makes the following assignments of error:
1. The trial court erred in failing to conclude that plaintiff-appellant possessed the subject property as owner, and thus acquired the right to bring the possessory action.

*749 2. The trial court erred in failing to recognize that by asserting title in themselves through the introduction of evidence of their title to and ownership of the property for purposes other than to show the nature of their alleged possession or for any other limited purpose authorized by La.C.C.P. art. 3661, the Holley Heirs, defendants-appellees, converted the proceeding into a petitory action, judicially confessing the possession of the property in the plaintiff-appellant in the possessory action.
3. The trial court erred in dismissing plaintiff's demand in its entirety, with prejudice, as to all defendants in these proceedings. By failing to consider that even if she did not possess the property as owner, as alleged, her petition could be amended to allege that she possessed with the permission of the owners or in some other legal capacity, the trial court denied plaintiff-appellant her right under La.C.C.P. art. 934 to amend her petition to remove the objection that she had no right of action to bring the possessory action against the other defendants.
Nancy J. Hirschfeld testified at trial that in January of 1979 she moved onto the property in question, and alleges that she purchased the property from the mother of Thomas Laurence, Joyce Holley Laurence (now deceased) for $500.00. Plaintiff/appellant further testified that Joyce Holley Laurence's cousin, Michael Gresaffi, signed the sale documents witnessing the signature of Joyce Holley Laurence, who had signed previously, and accepted her payment of $500.00. Appellant claims she was unaware Joyce was merely a co-owner of the property. A friend of Ms. Hirschfeld, Walter Callaway, testified that she borrowed $1,000.00 from his parents to finance the purchase, and that he was present when Mr. Gresaffi and Ms. Hirschfeld signed the papers and exchanged the funds; however, he could not recall acting as a witness to the transaction. Appellant further asserts that she did not record the sale documents at Mr. Gresaffi's request, because he had indicated there was a defect in the title that would take some time to correct. Further, Ms. Hirschfeld indicated at trial that the sale documents were later destroyed by a flood during Hurricane Juan. Mr. Gresaffi has since passed away.
Thomas Laurence testified that at the time Joyce Holley Laurence gave plaintiff permission to live on the property, Ms. Laurence conferred with him as her heir. Mr. Laurence testified plaintiff was given permission to live on the property with the provision that she keep up the house. He stated that there was no sale. Carol Holley St. Pierre testified that she also gave plaintiff her permission to live on the property through her cousin, Michael Gresaffi, and that sale of the property was never discussed. Additionally, Ms. St. Pierre testified that she has paid the taxes on the property during the entire time plaintiff has occupied the premises. Ms. St. Pierre testified that sometime in the latter part of 1988, plaintiff called her to request a lease, but Ms. St. Pierre refused to give her a written lease, seeing no need for one. Thereafter when plaintiff began to indicate to Ms. St. Pierre that she claimed a right to possess the property, eviction proceedings were instituted. Karen Buse testified that she was a friend of Nancy Hirschfeld and often visited plaintiff on the property. Although Ms. Buse testified she never discussed the ownership of the property with plaintiff, Ms. Hirschfeld told her when she first moved there, some friends of hers had let her move there.
Stephen Irving, an Assistant Attorney General and Chief Counsel to the Office of the Inspector General, was called to testify in the matter. Mr. Irving had several visits with Ms. Hirschfeld in 1989 during the course of his investigation of some complaints filed regarding the parish drainage district. At their first meeting, Mr. Irving testified that Ms. Hirschfeld stated Ms. St. Pierre was a good friend of hers and was allowing her to live rent free on the property. Mr. Irving related that, during their conversation, he suggested plaintiff tell Ms. St. Pierre to get an attorney to handle her private claims because from their discussions, he "understood that Ms. St. *750 Pierre was the lady that owned the land and would be the person with the claim as far as what the drainage district was trying to do".
The trial court made the following factual findings:
There is no doubt in my mind and I don't think in anyone else's mind that this instrument that was executed between the plaintiff and Mike Gresaffi was a deed. If they have any doubt, let me lay that to rest. It was not an act of sale. This document I conclude is the document that Ms. Hirschfeld was wanting from Ms. St. Pierre. Evidence of her authorization to be there. It is the finding of the Court that Mr. Gresaffi had the consent of Ms. Laurence, as well as Ms. St. Pierre and her brother to put someone on the property to watch over it to keep it from falling apart any more than it did, that Ms. Hirschfeld was well aware of this, she was possessing this property at the sufferance of the owners and that at no time during the course of the last ten years has she possessed this property as owner. For her to have the capacity to maintain this suit, she must have possessed the property as owner. I find she did not. The exception of no right of action is maintained and the plaintiff's suit is dismissed with prejudice. I will sign a judgment accordingly when it is submitted.
The objection of no right of action is employed, in cases where the law affords a remedy, to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (La.1972). Louisiana Civil Code article 3440 provides as follows:
Where there is a disturbance of possession, the possessory action is available to a precarious possessor, such as a lessee or a depositary, against anyone except the person for whom he possesses.
Article 3440 was enacted by Acts 1982, No. 187. Prior to that time, a precarious possessor had no right of action to bring a possessory action; only the person for whom the precarious possessor was possessing could do so. A. Yiannopoulos, 2 Louisiana Civil Law Treatise, Property, Section 210.1, pp. 61-62 (1990 Pocket Part); Golden, Working with the New Civil Code Property Scheme: The 1982 Book III Revision, 43 La.L.Rev. 1079, 1088-1089 (1983); Comments, A Student Symposium: Civil Law Property  A Survey of the 1982 Revision of the Louisiana Civil Code Articles on Possession and Prescription, 58 Tul.L.Rev. 573, 587-588 (1983). Now, pursuant to Article 3440 the precarious possessor has a right of action for a possessory action against "anyone except the person for whom he possesses." Cf. Ormond Country Club v. Dorvin Developments, Inc., 498 So.2d 144 (La.App. 5th Cir.1986), writ denied, 500 So.2d 423 (La.1987). Since we find no manifest error in the trial court finding that Ms. Hirschfeld possessed the property on behalf of the Holley Heirs, the peremptory exception raising the objection of no right of action as to the Holley Heirs was properly sustained. Thus, we find no merit in plaintiff's first assignment of error.
Further, we find no merit in plaintiff's second assignment of error since evidence of title can be introduced to show the extent and duration of possession without converting the possessory action into a petitory action. La.C.C.P. art. 3661. See also Chevron U.S.A., Inc. v. Bergeron, 551 So.2d 746 (La.App. 1st Cir.), writ denied, 553 So.2d 465 (La.1989).
Finally, Ms. Hirschfeld contends her petition should not have been dismissed as to the remaining defendants, St. Tammany Parish Drainage District No. 2 and Landmark Land Company, Inc. Under La. C.C. art. 3440, the possessory action is available to the precarious possessor for the protection of his detention vis-a-vis third persons. La.C.C. art. 3440, Comment *751 (c). While it was alluded to at the hearing that the parties, the Holley Heirs, for whom plaintiff possessed the property have attempted to evict plaintiff, it has not been established that plaintiff is not still a precarious possessor of the property.[1] In any event, any action which may have accrued to plaintiff for damages to the property or disturbance of her possession by third persons does not abate on her move from the premises. But, plaintiff's petition does not allege her status as a precarious possessor which would enable her to bring an action as to third persons under article 3440; therefore, the objection of no right of action was properly sustained as to the remaining defendants. However, since this is a defect that can be removed by amendment, plaintiff is entitled to amend her petition under La.C.C.P. art. 934.
For the reasons stated herein, the trial court judgment sustaining the peremptory exception raising the objection of no right of action is affirmed and the plaintiff's petition against Carol Holley St. Pierre, Chester Lynn Holley and Thomas Laurence is dismissed with prejudice; however, the plaintiff is allowed thirty days after this judgment is definitive to amend her petition to state a right of action, if she can, against St. Tammany Parish Drainage District No. 2 and Landmark Land Company, Inc. Accordingly, the judgment of the trial court is affirmed as amended, with all costs of this appeal to be borne by plaintiff/appellant herein.
AFFIRMED AS AMENDED.
NOTES
[1] We take note that the eviction matter was previously before this court on appeal from a judgment of eviction in favor of Carol Holley St. Pierre and against Nancy Hirschfeld. That opinion, St. Pierre v. Hirschfeld, 569 So.2d 222 (La.App. 1st Cir.1990), vacated the judgment of eviction and remanded the matter for retrial.