635 So.2d 744 (1994)
Arvil R. JOHNSON
v.
T.L. JAMES & COMPANY.
No. CA 93 1170.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
William S. Culver, Jr., New Orleans, for defendant-appellee, T.L. James & Co.
*745 R. Glenn Cater, New Orleans, for plaintiff-appellant, Arvil R. Johnson.
Before EDWARDS, CRAIN and LeBLANC, JJ.
EDWARDS, Judge.
The trial court sustained the peremptory exceptions raising the objections of no cause of action and no right of action filed by defendant, T.L. James & Company, Inc. (T.L. James), and dismissed plaintiff's suit. Plaintiff, Arvil R. Johnson, appealed and assigned error to the trial court's sustaining of the exception of no cause of action. We agree with the sustaining of the exception of no right of action and affirm the trial court's dismissal of the suit on that basis.

FACTS AND PROCEDURAL BACKGROUND
Plaintiff, Arvil R. Johnson, a mechanic employed by T.L. James shipyard in Houma, Louisiana, filed suit for damages resulting from an accident that occurred in the yard while Mr. Johnson was working on a ship owned by T.L. James, the M/V Oakville. Mr. Johnson based his claim for damages on vessel negligence as allowed under 33 U.S.C. § 905(b).
Defendant, T.L. James, filed peremptory exceptions raising the objections of no cause of action and no right of action. In defendant's memorandum to the court, T.L. James asked the trial court to grant one of the exceptions and dismiss plaintiff's lawsuit. T.L. James asserted that Mr. Johnson failed to state a cause of action because he admitted he was a mechanic in paragraph III of the petition for damages and mechanics have no cause of action for vessel negligence against the employer-ship owner. Even if Mr. Johnson stated a cause of action in the petition, Mr. Johnson had no right of action against T.L. James as the employer and owner of the vessel because Mr. Johnson was in a group of persons statutorily barred from a claim of vessel negligence by a 1984 amendment to 33 U.S.C. § 905(b). The language of the 1984 amendment excluded those persons "employed to provide shipbuilding, repairing, or breaking services...." In support, T.L. James offered Mr. Johnson's answers to requests for admissions and Mr. Johnson's deposition detailing his repair of equipment and ships' engines in the yard and the supervision of other mechanics, not only in the past, but also on the day of the accident.
In response, Mr. Johnson noted that the petition admitted only that Mr. Johnson was a mechanic who provided maintenance work. Johnson argued that some federal courts have recognized an exception to the statutory bar to the claim of vessel negligence if the employee was providing maintenance or upkeep of equipment, rather than repair. See New v. Associated Painting Services, Inc., 863 F.2d 1205 (5th Cir.1989).
After a hearing on the exceptions, the trial court, in its reasons for judgment, concluded that it would sustain the "[e]xception of [n]o [c]ause of [a]ction and [no] [r]ight of [a]ction. In its judgment, the trial court sustained the "[e]xception of [n]o [c]ause or [r]ight of [a]ction." Mr. Johnson appealed the judgment, but assigned error only to the trial court's grant of the exception of no cause of action.

PEREMPTORY EXCEPTIONS
It is clear from the record that T.L. James raised two separate peremptory exceptions; one raising the objection of no cause of action and the other the objection of no right of action. The purpose of an exception of no cause of action is to test the sufficiency of the petition; to question whether the plaintiff's allegations, if taken as true, afford him a remedy at law. No reference to extraneous supporting or controverting evidence can be made. LSA-C.C.P. art. 931; Perque Floor Covering of New Orleans, Inc. v. L. Cambre Enterprises, Inc., 593 So.2d 407, 410 (La.App. 1st Cir.1991). The exception of no right of action questions whether the particular plaintiff belongs to the class in whose favor the law extends a remedy or raises the issue of whether plaintiff has the right to invoke a remedy that the law extends only conditionally. Hirschfeld v. St. Pierre, 577 So.2d 747, 750 (La.App. 1st Cir. 1991). Evidence may be introduced to support or controvert the exception of no right of action. LSA-C.C.P. art. 931. The trial court and court of appeal may recognize the *746 exception of no cause of action and the exception of no right of action on their own motion. LSA-C.C.P. art. 927.
No single exception entitled "no cause and right of action" exists in our law. Some confusion may have arisen from the trial court's wording of its judgment. The judgment uses the singular word "exception." Perhaps that is why plaintiff assigned error only to the exception of no cause of action. However, T.L. James clearly filed and argued two exceptions. In the interest of justice and to avoid any repetitive motions in the court below, we reviewed both peremptory exceptions covered by the judgment appealed. See LSA-C.C.P. art. 2164.
The issues are:
1. Did the petition state a cause of action based on vessel negligence?
2. Does Mr. Johnson belong to the class of workers afforded the remedy of vessel negligence?

33 U.S.C. § 905(b)
The exclusive remedy provided under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq., for Mr. Johnson against his employer, T.L. James, is worker's compensation. See 33 U.S.C. §§ 904, 905(a). Plaintiff does not dispute that he is covered by the act. However, if an injury to a worker covered under the act was caused by "the negligence of a vessel, then [the worker] ... may bring an action against such vessel as a third party" and against the vessel owner. 33 U.S.C. § 905(b); Gay v. Barge 266, 915 F.2d 1007, 1010 (5th Cir. 1990). A statutory bar is raised to the claim of vessel negligence by a worker, like Mr. Johnson, if such a person was "employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner ... of the vessel...." 33 U.S.C. § 905(b); see Bush v. Eagle-Picher Industries, Inc., 927 F.2d 445, 449 & n. 5 (9th Cir.1991). If both conditions are met, the employer owns the vessel and the worker was employed to provide at least one of the listed services, no "action shall be permitted, in whole or in part or directly or indirectly, against the injured person's employer ... or against the employees of the employer." 33 U.S.C. § 905(b).

APPLICATION OF LAW TO THE FACTS
Based solely on the information in the petition, it is possible that Mr. Johnson stated a cause of action grounded on the negligence of the vessel. The New court cited Webster's Ninth New Collegiate Dictionary (1987) and gave the word "repair" "its ordinary meaning, `to restore to a sound or healthy state.'" A worker "hired to preserve the vessel's current condition, ... is performing routine maintenance not covered by [section 905(b)]." New, 863 F.2d at 1210. The focus is "on the job activities an employee actually performs rather than the job description" given by either the employer or the employee. Warwick v. Huthnance Div., Grace Offshore Co., 760 F.Supp. 571, 574 (W.D.La.1991).
The description of Mr. Johnson's activities as a mechanic as maintenance, rather than repair, may be a distinction without a difference, but it is a question that cannot be fully answered without more information; information that is not allowed to be introduced to support or controvert an exception of no cause of action. However, we pretermit the issue. It is mooted by our affirmance of the trial court's dismissal of the action after sustaining the exception of no right of action.
Evidence is allowed on the exception of no right of action. By Mr. Johnson's own admissions, he worked as a mechanic, and later a shop or mechanic foreman, repairing or supervising the repair of ship engines and other equipment in the yard. On the day of the accident, he was employed by T.L. James and engaged in repairing an engine on a vessel owned by his employer. These facts fit squarely within the exclusion contained in 33 U.S.C. § 905(b) barring the claim of vessel negligence by an employee engaged in repair against his employer as owner of the vessel in question. Therefore, even if the petition had stated a cause of action, Mr. Johnson is not a member of the class of workers afforded a remedy for vessel negligence and is expressly excluded by the statute from such actions against the employer-shipowner. *747 See Easley v. Southern Shipbuilding Corp., 936 F.2d 839, 841-844 (5th Cir.1991), cert. granted, ___ U.S. ___, 112 S.Ct. 1463, 117 L.Ed.2d 610 (1992) (opinion vacated and remanded to fifth circuit with instructions to reconsider in light of Southwest Marine, Inc. v. Gizoni, 502 U.S. ___, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991)), affirmed on reconsideration, 965 F.2d 1 (5th Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct. 969, 122 L.Ed.2d 124 (1993). Because Mr. Johnson is excluded from the class afforded a remedy by section 905(b), he has no right of action against his employer, T.L. James.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court sustaining the peremptory exception raising the objection of no right of action and dismissing plaintiff's suit. The cost of the appeal are assessed to the plaintiff.
AFFIRMED.