822 So.2d 109 (2002)
NORTHSHORE CAPITAL ENTERPRISES; Edwin J. Cantin and Ed Stevens D/B/A Northshore Capital Enterprises and/or D/B/A Northshore Capital Enterprises L.P. and/or D/B/A Northshore Capital Enterprises, Ltd.
v.
ST. TAMMANY HOSPITAL DISTRICT # 2 D/B/A Slidell Memorial Hospital and Medical Center.
No. 2001 CA 1606.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*110 Bertha M. Hillman, Thibodaux, Counsel for Plaintiffs/Appellants Edwin J. Cantin *111 and Ed Stevens d/b/a Northshore Capital Enterprises, et al.
Tammy M. Nick, Slidell, Counsel for Defendant/Appellee St. Tammany Hospital Service Dist. # 2.
Before: GONZALES, KUHN, and CIACCIO,[1] JJ.
KUHN, J.
Plaintiffs-appellants, Edwin J. Cantin, Jr. and Ed Stevens d/b/a Northshore Capital Enterprises, appeal a judgment sustaining a peremptory exception of no right of action filed by defendant St. Tammany Hospital District # 2 d/b/a Slidell Memorial Hospital (SMH). We affirm.

PROCEDURAL BACKGROUND
On December 2, 1994, Northshore Capital Enterprises L.P. (Northshore) brought this suit against SMH. Thereafter, SMH filed exceptions of no right of action, lack of procedural capacity, and vagueness. The trial court granted SMH's exceptions and permitted Northshore to file supplemental pleadings.
On April 27, 1995, the petition was amended to substitute plaintiffs as proper parties. The amended petition alleged that on August 29, 1991, Northshore, represented by its president, Cantin, entered into a contract of purchase and sale with SMH. Under the terms of the contract, which was attached to the initial petition, Northshore agreed to assign to SMH any right it obtained to purchase immovable property located at 1111 Gause Boulevard in Slidell, Louisiana. In exchange for assignment of the right to purchase, SMH agreed to reimburse Northshore for all costs incurred in acquiring the property and to pay an additional fee in the amount of $8,874.
In furtherance of the contract with SMH, on September 11, 1991, Northshore signed a contract with South Savings and Loan Association and the Resolution Trust Corporation (RTC) agreeing to purchase the Gause Boulevard property. Thereafter, Northshore conveyed the right to purchase the property to SMH, and SMH purchased the property from RTC. SMH then refused to pay the amount agreed upon under the contract. In their petition, as amended and supplemented, plaintiffs sought damages for breach of contract, wrongful conversion of movable property, loss of earnings, interruption of past and future business dealings, and infliction of mental pain and anguish.
SMH answered the lawsuit and also filed an exception of no right of and/or cause of action, maintaining that the contractual obligation was "against public policy, prohibited by law and absolutely null" because Cantin was a compensated contractual employee of SMH at the time the contract was executed. SMH claimed the $8,874 fee was prohibited under the Code of Governmental Ethics.[2]
Plaintiffs responded by filing a motion for summary judgment, agreeing, for purposes of their motion, that Cantin was a public employee at the time the contract was executed. Plaintiffs asserted that the entire contract should be declared absolutely null and the parties should be returned to the position they occupied prior to entering the contract.
Following a hearing, the trial court denied plaintiffs' motion for summary judgment and sustained SMH's exception of no *112 cause of action, dismissing plaintiffs' suit. On appeal, in an unpublished opinion rendered on December 28, 1998, this court declined to exercise supervisory jurisdiction over the denial of plaintiffs' motion for summary judgment, noting that resulting irreparable injury had not been urged. Concluding that plaintiffs' petition stated a cause, of action for breach of contract, this court reversed the trial court's dismissal of the lawsuit, and remanded the matter for further proceedings. We note that although the reasons for judgment issued by the trial court indicated that plaintiffs did not have a right of action, that ruling was not included within the plain language of the judgment and, therefore, not reviewed in the earlier opinion of this court.
In response to plaintiffs' third amending and supplemental petition, SMH filed along with its answer allegations reurging the no right of action exception. SMH again asserted that because Cantin was a compensated contractual employee of SMH at the time the contract was executed, Northshore's assignment of the right to purchase to SMH for a fee of $8,874 was a prohibited transaction under the Code of Governmental Ethics. The trial court agreed, and on January 30, 2001, signed a judgment granting SMH's exception of no right of action and dismissing plaintiffs' lawsuit.[3] This appeal followed.

NO RIGHT OF ACTION
The exception of no right of action challenges whether plaintiff has an actual interest in bring the action. La. C.C.P. art. 927A(5). Whether a person has a right of action depends on whether the particular plaintiff belongs to the class in whose favor the law extends a remedy and raises the issue of whether plaintiff has the right to invoke a remedy that the law extends only conditionally. Johnson v. T.L. James & Co., 93-1170, p. 3 (La.App. 1st Cir.4/8/94), 635 So.2d 744, 745, writ denied, 94-1178 (La.6/24/94), 640 So.2d 1354. In other words, an exception of no right of action asks whether the plaintiff has an interest in judicially enforcing the right asserted. Walker v. State Farm Mut. Auto. Ins. Co., 33,781, p. 2 (La. App.2d Cir.8/25/00), 765 So.2d 1224, 1226.

CODE OF GOVERNMENTAL ETHICS
A public servant is defined as a public employee, and includes anyone, whether compensated or not, who is under the supervision or authority of an elected official *113 or another employee of the governmental entity. A "governmental entity" means the state or any political subdivision which employs the public employee. And a "political subdivision" is defined as any unit of local government, including a special district, authorized by law to perform governmental functions. See La. R.S. 42:1102(12) & (17).
Louisiana Revised Statutes 42:1112 provides in pertinent part:
A. No public servant ... shall participate in a transaction in which he has a personal substantial economic interest of which he may be reasonably expected to know involving the governmental entity.
B. No public servant ... shall participate in a transaction involving the governmental entity in which, to his actual knowledge, any of the following persons has a substantial economic interest:
* * *
(3) Any person of which he is an officer, director, trustee, partner, or employee.
And Louisiana Revised Statutes 42:1117 states:
No public servant or other person shall give, pay, loan, transfer, or deliver or offer to give, pay, loan, transfer, or deliver, directly or indirectly, to any public servant or other person any thing of economic value which such public servant or other person would be prohibited from receiving by any provision of this Part.
A public employee is considered to retain his status as a public employee even on days that he performs no services in addition to those days that he is actually in the performance of his services. La. R.S. 42:1102(18).

APPLICATION OF LAW TO FACTS
In its written reasons for judgment,[4] the trial court initially noted that the administration, procedure, and enforcement of the provisions of the Code of Governmental Ethics are within the jurisdiction of the Commission of Ethics for Public Employees. After recognizing that, for the purposes of the exception, plaintiffs "agreed that Cantin was an employee of [SMH] at the time of the written assignment which forms the basis of this action," the trial court then concluded that the statutory prohibitions precluded plaintiffs from asserting their claim for damages under the provisions of the assignment.
On appeal, plaintiffs suggest that this court's earlier-rendered opinion clearly rejected the finding that Cantin was a contractual employee of SMH. But this court in reviewing the propriety of the dismissal of plaintiffs' petition on the basis of only the no cause of action exception was precluded from considering evidence. See Johnson, 93-1170 at p. 3, 635 So.2d at 745. Thus, plaintiffs' agreement that Cantin was an employee of SMH at the time of the written assignment was of no moment in reviewing whether the allegations of fact, on the face of the petition, stated a cause of action because Cantin did not aver he had an employment relationship with SMH.
In our review of the January 30, 2001 judgment granting SMH's exception of no right of action, we are not precluded from considering evidence. See Johnson, 93-1170 at p. 3, 635 So.2d at 745-46. And on the re-urging of the no right of action exception it does not matter whether plaintiffs are bound by their earlier agreement that Cantin was an employee at the time of *114 the assignment because a review of the evidence submitted in support of the exception shows that Cantin was a contractual employee of SMH.
Deposition testimony placed into evidence reveals that Cantin acknowledged he was earning $2,000 per month on a retainer with SMH. For the $2,000 monthly fee he explained that he was developing the market, which meant finding Mississippi physicians who might be interested in either selling their practices or forming various affiliations with SMH. Cantin stated that at the time Northshore executed the assignment with SMH, the term of his retainer contract with SMH had not expired.
The pleadings established that SMH, a hospital district and an agency of the State of Louisiana, is a governmental entity and that Cantin is a partner in Northshore. With Cantin's admission that he was a contractual employee of SMH, the trial court correctly determined that at the time of the assignment, he was a public employee and public servant. As such, this lawsuit to recover $8,874 pursuant to the terms of the assignment between North-shore and SMH, a contract which falls squarely within the ambit of the transactions prohibited under La. R.S. 42:1112A, B and 1117, removes plaintiffs from the class of persons afforded the right to enter into, and therefore to enforce, the contractual provisions established in the assignment. See Johnson, 93-1170 at p. 5, 635 So.2d at 746 (concluding mechanic had no right of action in claim for vessel negligence pursuant to statutory bar under Longshore and Harbor Workers' Compensation Act). See also Walker, 33,781 at pp. 2-6, 765 So.2d at 1226-28 (concluding an appointed provisional tutor had no right of action in children's wrongful death claim against mother, alleged tortfeasor in father's death, under an application of parent-child immunity statute). Accordingly, we find the trial court correctly granted SMH's exception of no right of action and dismissed plaintiffs' lawsuit.

DECREE
For these reasons, the trial court's judgment granting SMH's exception of no right of action is affirmed.[5] Costs of this appeal are assessed to plaintiffs, Edwin J. Cantin, Jr. and Ed Stevens d/b/a Northshore Capital Enterprises.
AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The Code of Governmental Ethics is set forth at La. R.S. 42:1101-1169.
[3] Complaining that the trial court rendered orders which were confusing, contradictory, and inconsistent with each other, plaintiffs point to a January 9, 2001 minute entry evincing that after an in-chambers hearing, the trial court orally stated SMH's exception of no right of action was denied. But subsequently on January 31, 2001, the trial court signed a judgment granting the exception of no right of action to which it attached its earlier-rendered, written reasons for judgment that had accompanied the judgment dismissing their petition on the no cause of action exception, reversed by this court on December 28, 1998. When a trial court's oral reasons or minute entry conflicts with the written judgment, the latter governs; the trial judge may, within his authority, render judgment which differs substantially from his prior oral statements, for such oral reasoning forms no part of the judgment, as it is the formal, signed judgment which governs the controversy. See LaRocca v. Bailey, XXXX-XXXX, p. 12 (La.App. 3d Cir.11/7/01), 799 So.2d 1263, 1270-71. Plaintiffs failed to reduce the January 9, 2001 ruling denying the exception of no right of action to a judgment and present it to the trial judge for signing. The trial court obviously recalled its earlier-rendered written reasons, reconsidered the exception in light of its prior rationale, concluded that the exception of no right of action was warranted, and signed a judgment memorializing that decision. Plaintiffs have timely appealed the judgment granting the no right of action, which is the subject of this appellate review. We find no harm.
[4] According to the January 30, 2001 judgment under appellate review, the no right of action exception was sustained for "the Reasons for Judgment dated the 3rd day of September, 1997, attached hereto as Exhibit `A.'"
[5] Plaintiffs request that this court exercise its discretionary jurisdiction and, via summary judgment, render a final determination. They specifically ask that by summary judgment we declare the contract is absolutely null and urge an additional remedy of returning the parties to their original position, "vesting title in Cantin through his assignment from RTC." Even if we were to construe the allegations of plaintiffs' petition after its third amendment and supplementation as an attempt to seek declaratory relief, according to the allegations and the plain language of the assignment, Northshore purchased from the RTC a right to purchase the immovable property, not the immovable property itself. Thus, the remedy of vesting title in the immovable property in Cantin and/or Northshore simply is not available to plaintiffs based on the facts established by the pleadings.