MORIAL, Judge.
Plaintiff appeals a decision of the district court dismissing his possessory action for approximately 30 acres of a 105 acre tract of land. We affirm.
In the spring of 1943 plaintiff sought to purchase the Westside Country Club for $15,000.00. This sale was not consummated at the time; however, on June 30, 1943 an agreement to purchase and sell was entered into between the plaintiff and Harry Bodenger for 75 acres of the approximately 105 acre tract known as the Westside Country Club. In May of 1944 plaintiff acquired the 75 acres via an act of sale, but did not acquire title to the remainder of approximately 30 acres of the Westside Country Club. Sometime in 1943 prior to the act of sale plaintiff with the consent of Bodenger had moved his horses on the 105 acre tract which was enclosed.
The basic inquiry is whether plaintiff has satisfied the statutory and jurisprudential requirements of a possessory action. To maintain a possessory action it is essential that the possessor prove:
“(1) He had possession of the immovable property or real right at the time the disturbance occurred;
“(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
“(3) The disturbance was one in fact or in law, as defined in Article 3659; and
“(4) The possessory action was instituted within a year of the disturbance.” LSA-C.C.P. Art. 3658.
LSA-R.C.C. Art. 3426 provides:
“Possession is the detention or enjoyment of a thing, which we hold or exercise by ourselves, or by another who keeps or exercises it in our name.”
LSA-C.C.P. Art. 3656 defines possession as follows:
“A plaintiff in a possessory action shall be one who possesses for himself. A person entitled to the use or usufruct of immovable property, and one who owns a real right therein, possesses for himself. A predial lessee possesses for and in the name of his lessor, and not for himself * * *.”
Further, Louisiana Civil Code LSA-R.C.C. Art. 3489 states:
“When a person’s possession commenced for another, it is supposed to continue always under the same title, unless there be proof to the contrary.”
LSA-R.C.C. Art. 3490 states:
“The circumstance of having been in possession by the permission or through the indulgence of another person, gives *374 neither legal possession nor the right of prescribing.
“Thus, those who possess precariously, that is, by having prayed the master to let them have the possession, do not deprive him thereof, but, possessing by his consent, they possess for him.”
Applying the above legal principles to this case we conclude that plaintiff’s possession fails for two reasons. He has failed to meet the requirements of LSA-C.C.P. Article 3658 and he has failed to show that he possesses for himself.
The testimony is insufficient to carry the burden imposed on plaintiff. From the testimony and pictures in evidence we are unable to discern that parts of the disputed acreage was enclosed. Accordingly, the finding by the trial court that the fence was not maintained and did not enclose the tract in question is not manifestly erroneous.
In 1969 defendant began going upon the property. Defendant had the acreage placed on the tax rolls in 1968, paid the back taxes and, since then, has paid the taxes. Vincent N. Beninate, son of the plaintiff, had a discussion with the defendant’s attorney in 1969 and knew of the challenge to the possession. A bulldozer and several trucks were on the land during November of 1972 when Vincent N. Beninate called police. Vincent N. Beni-nate was told by the police that it was a civil matter and he should contact an attorney. The plaintiff claims possession on the basis of his son’s acts in maintaining fences and cutting grass and evicting trespassers, therefore, any knowledge of the son of a challenge to possession must be imputed to the plaintiff himself and likewise the plaintiff must be held to have been aware of the bulldozer incident. In Souther v. Domingue, 238 So.2d 264 (La.App. 3 Cir. 1970), the court held that the use of a bulldozer was a sufficient disturbance to put the possessor on notice. Further, since 1969 defendants have been cutting trees, digging mud, clearing land, and erecting fences on the premises. Plaintiff has failed to prove that he and his ancestors in title possessed quietly and without interruption more than a year immediately prior to the disturbance or that the posses-sory action was instituted within a year of the disturbance. LSA-R.C.C. Article 3456 and LSA-C.C.P. Article 3658.
Plaintiff has not held the property in his name as possessor. Plaintiff admitted that Harry Bodenger permitted his entry onto the entire tract of land. Under Articles LSA-R.C.C. 3426, 3489 and 3490 the plaintiff has failed to prove that he held possession in his name. Plaintiff has failed to carry his burden to show the statutorily required possession of the disputed real property.
Plaintiff contends that the posses-sory action was changed by the defendant to a petitory action by: (1) the introduction in these proceedings of the record in No. 157-474 of the docket of the 24th Judicial District Court entitled “Vincent A. Beninate v. The State of Louisiana through the Department of Highways” which established that Bodenger was the record owner of the property; and (2) evidence of title through the testimony of an abstractor, Mr. Melvin Burke. We disagree. See LSA-C.C.P. Article 3661. The defendant’s answer nor any of his pleading contain substantial material tending toward a formal assertion of title sufficient to convert the possessory suit by the plaintiff into a petitory action by the defendant. See Haas Land Company v. O’Quin, 187 So.2d 208 (La.App. 3 Cir. 1966).
The judgment appealed from is affirmed.
Affirmed.