CUTRER, Judge.
This is a possessory action affecting a strip of land 36 feet wide and 210 feet long located along the common boundary of properties owned by plaintiff, G.B. Evans, and defendant, J.E. Dunn. The strip of land is located along plaintiff’s northern border which is contiguous to land owned by defendant.
Plaintiff alleged that his possession of the strip of land had been wrongfully disturbed by the defendant who erected a fence across the northern portion of it in July 1982. The erection of the fence terminated plaintiff’s access to the strip.
Plaintiff alleges that the defendant destroyed numerous flowers, shrubs and plants that were on the strip in dispute. Finally, plaintiff claims that less than one year had elapsed since the disturbance and he desires to be maintained and restored to peaceful possession of the property.
The defendant filed a reconventional demand for damages in the amount of $600.00 for the loss of the use and enjoyment of the land in question.[1]
After trial on the merits, judgment was rendered in favor of the defendant, dismissing plaintiff’s possessory action. The trial court held that the plaintiff had failed to meet the requirements of LSA-C.C.P. art. 3658(2) which require that the possessor must allege and prove that he and his ancestors-in-title had possession quietly and without interruption for more than a year immediately prior to the disturbance. Plaintiff appeals from this ruling. We affirm.
FACTS
The plaintiff and the defendant own contiguous property. The plaintiff acquired his one acre tract of land by deed on November 2, 1951. He testified that, at the time of purchase, there was a wire fence which was located 36 feet past what the deed called for on the northern side of the property. The plaintiff testified that he had possessed the disputed area for several years by mowing it and by tending to a flower garden that he and his wife planted there.
At the time the defendant acquired his property in 1978, there was no visible boundary line between the two properties. The plaintiff testified that the wire fence, that was present at the time of the sale in 1951, was eventually torn down about a *652 year before the defendant acquired the adjacent property in 1978. In May 1981, the defendant had his land surveyed and, pursuant to this survey, built a chain link fence across his southern boundary. The fence erected by defendant encompassed the thirty-six foot strip of land which the plaintiff claimed to have possessed. After the defendant’s chain link fence was built, many of the plaintiffs plants were isolated at various distances up to 40 feet north of the chain link fence on property that the defendant was signifying by the presence of the fence that he intended to possess.
The plaintiff’s plants north of the chain link fence continued to grow until July 1982, when the defendant replaced the chain link fence with a barbed wire fence. The plaintiff admitted in his testimony that this second barbed wire fence was placed on the same spot as the chain link fence had occupied. Soon after this fencing change, the defendant destroyed the plaintiff’s remaining plants north of the fence. This possessory action was filed on September 28, 1982.
Both the plaintiff and his wife testified at trial that, after the chain link fence was built, they never went on the disputed strip of land again. They also testified that they did not tend or care for the plants north of the chain link fence except to occasionally water the plants that could be reached with a hose being sprayed from their side of the fence.
The defendant testified that, after the chain link fence was built, he kept the property north of the fence mowed and that, after the fence was changed to barbed wire, he allowed his cattle to graze that area.
The principal issue presented on appeal is whether the plaintiff has met all of the requirements for maintaining the possesso-ry action listed in LSA-C.C.P. art. 3658.
In Louisiana, the possessory action is governed primarily by LSA-C.C.P. art. 3658, which provides:
“To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.”
The law of this subject matter is interpreted in Pitre v. Tenneco Oil Co., 385 So.2d 840 (La.App. 1st Cir.1980), as follows:
“HOW THE RIGHT IS ACQUIRED
“A person acquires the right to possess immovable property by possessing the property quietly and without interruption for more than a year. La.C.C.P. art. 3658(2); La.C.C. art. 3454(2); see also La.C.C. arts. 3449(2) and 3487. The species of possession required to acquire the right to possess is either corporeal possession or civil possession preceded by the corporeal possession of the plaintiff or his ancestors in title. La.C.C.P. art. 3660. In all cases, a person must possess as owner and for himself. Thus, to acquire the right to possess, ‘one must combine the intention of possessing as owner with the corporeal detention of the thing.’ Norton ¶. Addie, 337 So.2d 432, 436 (La.1976).
“Once a person shows he has possessed the property as required by law quietly and without interruption for more than a year, he has proven his right to possess. There is no need to show he acquired this right in the year immediately preceding suit, but only that he obtained the right at one time and that he has not lost it prior to the disturbance. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975).
“HOW THE RIGHT IS LOST
“A person loses the right to possess immovable property either voluntarily, *653 by transferring or abandoning the property; or involuntarily, by being evicted or expelled for more than a year or by acquiescing a third party’s usurpation of the property for more than a year. La. C.C. arts. 3447, 3448, 3449. A question often arises as to what type of activity by an adverse party will sufficiently interrupt a person’s right to possess so as to usurp his possession and strip him of his right upon passage of more than a year’s time. Not every disturbance is strong or long enough to interrupt another’s right to possess. Disturbances which do not interrupt another person’s right to possess may be challenged in court and the disturber cast for appropriate damages and other appropriate relief. But such minor disturbances will be insufficient, even if unchallenged within a year’s time, to strip the right to possess from the person who presently has that right. See Liner, supra, particularly the per curiam opinion on rehearing, 319 So.2d 778; Plaisance v. Collins, supra [365 So.2d 608 (La.App. 1st Cir.1978)]; Richard v. Comeaux, 260 So.2d 350 (La. App. 1st Cir.1972); Yiannopoulous, supra, § 217 page 582, and Work of the Appellate Courts — 1974-1975, Property, 36 L.L.Rev. 354 (1976).
“Louisiana courts have indicated that for a disturbance to be sufficient to interrupt another’s right to possess, the disturbance must bring home to the actual possessor the realization that his dominion is being seriously challenged. Pittman v. Bourg, 179 La. 66, 153 So. 22 (1934); Souther v. Domingue, 238 So.2d 264 (La.App. 3rd Cir.1970), writ refused, 256 La. 891, 239 So.2d 544 (1970); Hebert v. Chargois, 106 So.2d 15 (La.App. 1st Cir.1958). In addition, the person with the right to possess must acquiesce in the interruption for more than a year without conducting any act of possession or without interfering with the usurper’s possession. La.C.C. art. 3449(2).”
As we apply the principles to the facts at hand, we find that the trial court correctly held that plaintiff failed to meet the requirements of LSA-C.C. art. 3658 as interpreted by Pitre v. Tenneco Oil Co., supra.
A person loses the right to possess immovable property either voluntarily, by transferring or abandoning the property, or involuntarily, by being evicted or expelled for more than a year or by acquiescing in a third-party’s usurpation for more than a year. LSA-C.C. arts. 3447, 3448, 3449, now LSA-C.C. art. 3433. See also, Pitre v. Tenneco Oil Co., supra.
In this case,, we agree with the trial judge that:
“In May 1982, one year after the chain-link fence was built, the property north of that fence had thus been usurped and held for a year without the plaintiff acting to possess the property or interfere with the defendant’s possession of it. Therefore in May, 1982 the plaintiff lost his right to possess the property north of the chain-link fence.”
The act of building a fence around the land (which the plaintiff claimed to possess) was a disturbance that was sufficient to interrupt his right to possess and to bring home to him the realization that his dominion was being seriously challenged. This action was not a mere disturbance of the possession of the plaintiff, but an actual interruption of the plaintiff’s right to possess. Since this interruption to his possession began in May 1981, the plaintiff lost his right to possess the property in May 1982. Plaintiff did not show that he had possessed the property one year before the alleged disturbance in July 1982. The trial court correctly dismissed the plaintiff’s suit.
For these reasons, the judgment of the trial court is affirmed. Plaintiff-appellant is to pay all costs of this appeal.
AFFIRMED.

. The defendant testified that he was no longer interested in the $600.00 he prayed for in his reconventional demand. Since the trial court did not specifically address the question of the incidental demand, we can assume that it has been dismissed based on defendant’s testimony.