FRED W. JONES, Jr., Judge.
Julia Williams Anderson filed this pos-sessory action against Winnsboro Gin, Inc., alleging that the defendant had disturbed her possession by cutting grass and removing “old wire” when it placed a barbed wire fence across her property. In addition to asking for restoration of possession, the plaintiff requested damages for mental anguish, humiliation, increased nervous tension and discomfort. Supported by brief written reasons, the trial judge rendered judgment rejecting plaintiff’s demands. She has appealed. For the reasons explained, we reverse and remand.
Mrs. Anderson purchased her property from John Russell on September 25, 1963 (erroneously stated to be September 8, 1983 in the trial judge’s opinion). At that time Russell “stepped off” the boundaries and drove posts to show the corners. Mrs. Anderson assumed those were the proper boundaries and acted accordingly for 20 years, until Winnsboro Gin, Inc., sought to establish the common boundary by employing a surveyor. Using the “irons” set by the surveyor, employees of the defendant placed a barbed wire fence down the line.
Based on pictures placed in evidence, it is obvious that Mrs. Anderson had “used” ten to twelve feet beyond the fence built by defendant. The issue before this court is whether the “use” established in the record is sufficient to establish the “possession” necessary to support a possessory action. Since this action was not converted to a petitory action, ownership is not a factor in this decision. Furthermore, no surveys were placed in the record establishing the boundaries according to the parties’ titles.
The primary controversy in this case is over the east boundary of Mrs. Anderson’s property, generally referred to in the record as the “back.” Plaintiff testified that Russel] (her vendor) sold the neighboring property to “Quincy.” She stated that Quincy marked the line between them with a ditch that she claims is still there. We have no survey or picture reflecting the location of this ditch.
Mrs. Anderson further testified that Winnsboro Gin bought the property next to her in 1979. The defendant hired a survey- or to stake off its property lines. The west boundary of the defendant purportedly came very close to Mrs. Anderson’s house and some discussion ensued. Plaintiff contended that defendant was about ten feet over on her property. Every time defendant put out stakes, her relatives would pull them up. Finally, the defendant decided to mark the boundary with a fence. Defendant had the police come out to ensure that plaintiff did not interfere with the fence.
The record reflects that defendant had a tractor pull up wire and the remnants of a hog pen that interfered with building the new fence. The pictures in evidence show piles of “junk” and “trash” and a clothesline all across the fence from plaintiff’s house. Furthermore, the pine trees shown in the pictures were planted by a member of Mrs. Anderson’s household. It is clear that Mrs. Anderson exercised possession beyond the fence.
*867 Employees of defendant admitted that they did not exercise possession of the land in question prior to putting up the fence. One employee testified that he did not have his men mow the grass in the disputed area because the wire and junk would have cut the tractor’s tires. He also admitted having to “part” some wire and “push it back” to put up the new fence. He added that he knew of the hog pen, fallen down buildings and junk in the area since 1979.
The only surveyor who testified had been licensed a year and a half and admittedly was “in training.” He stated that he was employed by the defendant to “relocate the irons.” He testified that the prior surveyors had made a five foot error and admitted the difficulty of the survey since Mrs. Anderson’s deed described her property in relation to a highway right of way which had been moved.
In reviewing a factual determination of a trial judge, we are obliged to read the record to determine whether he was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In this case the trial judge was clearly wrong. He stated in his written reasons for judgment that he saw no evidence of any hog pen, chickens or clothesline. The record reflects that the defendant removed the remnants of the hog pen, and the clothesline is clearly shown in the pictures in evidence. Furthermore, the trial court found the defendant possessed the property by parking trailers in the disputed area and by having it surveyed. Mere surveying of property is not an act of possession, and the evidence does not substantiate that the trailers were parked in the disputed area prior to erection of the fence.
While it is clear that Mrs. Anderson exercised possession beyond the fence, the record makes it impossible to establish the bounds of her possession. The parties often referred to “here” and “there” when adverting to the pictures, without marking them. Consequently, the interest of justice requires that we remand the case for the trial court to establish the bounds of Mrs. Anderson’s possession, to fix damages for the interference with her possession, and to require the defendant to assert its adverse claim of ownership in a petitory action not to exceed 60 days after the trial court’s judgment becomes executory, or be precluded thereafter from asserting the ownership thereof. La.C.C.P. 3662.
Reversed and remanded, with all costs, in the lower court and on appeal, assessed to appellee.