STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1273

TIMOTHY PAGE AND
CHARLOTTE CANERDAY PAGE

VERSUS

WILLIAM J. WISE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 234,546-A
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Bobby L. Culpepper
Culpepper & Carroll, PLLC
525 East Court Avenue
Jonesboro, Louisiana 71251
(318) 259-4184
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Timothy Page and Charlotte Canerday Page


Jared Dunahoe
Dunahoe Law Firm
402 Second Street
Post Office Box 607
Natchitoches, Louisiana 71457
(318) 352-1999
COUNSEL FOR DEFENDANT/APPELLEE:
    William J. Wise

**GENOVESE, Judge.**

In this property case, Plaintiffs, Timothy and Charlotte Canerday Page, appeal the trial court judgment dismissing their possessory action. Finding no error by the trial court, we affirm.

## FACTS

On March 25, 2009, Plaintiffs filed a possessory action against William J. Wise (Defendant) seeking to "recognize [their] right of possession of the subject immovable property and [to be maintained] in possession thereof." Plaintiffs purchased the twenty acres of immovable property in dispute on January 9, 2001. The property is situated in both Natchitoches Parish and Rapides Parish, Louisiana, and is described in the Plaintiffs' petition as:

> A certain tract of land, lying[,] being[,] and situated in Rapides Parish, Louisiana, and being more particularly described as twenty (20) acres of land located, lying[,] and being in Section Twenty-Eight (28), Township Six (6) North, Range Four (4) West, bounded North by land now or formerly belonging to Alex Wallet; East by lands now or formerly belonging to Sam S. Mims or Damingo Flores; West and South by property now or formerly belonging to Alex Wallet[;] and being the property acquired by William C. Davis from Henry C. Thompson by deed dated September 27, 1921, recorded in Conveyance Book 111, page 95; and being the same property acquired by Susie T. Lemoine, et al, from William C. Davis by deed dated July 7, 1936, recorded in Conveyance Book 210, page 108, and being the same property acquired by Edith G. Watson and William T. Watson from Susie T. Lemoine, et al, by deed dated September 1, 1943, recorded in Conveyance Book 280, page 529, all references being to the records of Rapides Parish, Louisiana, and together with all buildings and improvements thereon situated. A portion of the above property may lie in Natchitoches Parish, Louisiana.
>
> The above described property is believed to be in the Southwest Quarter of the Northeast Quarter[,] and in the Northwest Quarter of the Southeast Quarter of Section 28, Township 6 North, Range 4 West, Rapides and Natchitoches Parishes, Louisiana; being the same property acquired by Mathew McCarter and Edna Quin McCarter from Leo C. Schmidt by deed dated October 5, 1957, recorded in Conveyance Book 512, page 409, under Original Entry #419383; and acquired from Mona Virginia Brown Ward, as a single woman, from Matthew McCarter and Edna Quin McCarter by Act of Cash Sale dated and recorded

February 10, 1965, in Conveyance Book 654, page 186, under Original Entry #506828, all [of the] records of Rapides Parish, Louisiana.

In their possessory action, Plaintiffs alleged that they "have had possession of said property since 2001 and have evidenced their possession of said property by having it surveyed in 2005, painting lines, raising pine trees on same[,] and paying the taxes on same." Plaintiffs further asserted that "although [they] were aware that a portion of said property was assessed to [D]efendant in Natchitoches Parish, Louisiana, only within the past six months did [D]efendant make [them] aware that he claimed ownership of same." Defendant answered the petition on May 6, 2009, denying Plaintiffs' allegations.

A bench trial in this matter was held on July 22, 2010. At trial, the parties presented their evidence for the court's consideration, and the trial court took the matter under advisement. Subsequently, the trial court issued Written Reasons for Judgment, finding that Plaintiffs had not met their burden of proof to establish their possession of the immovable property in dispute. The trial court wrote, in pertinent part:

> In this case, both parties introduced evidence[] (testimonial and documentary) of their possession. Timothy Page testified his acts of possession on said property included marking and painting lines, paying taxes on the property, having the property surveyed[,] and growing timber. However, he further testified that he had not been on the property since he purchased the property in 2001. He also testiifed that he did not physically plant nor did he have anyone else plant timber on the property. He testified that he hired a forester in 2007 to look at the timber. [Mr.] Page also stated that he never built a fence around the property.
>
> Land surveyor Timothy Howell[1] testified that he surveyed the land in 2005. During his survey, he noted a fence on the north boundary of the property and forest land on the east. He did not note any

---

[1]Hugh Timothy Howell, a Registered Land Surveyor, was accepted by the trial court as an expert in land surveying.

buildings on the property. He did notice four-wheeler trails on the disputed property. He also testified that after reading the deed to the property, he contacted the [D]efendant to notify him of the survey. Mr. Howell stated that he marked the west boundary line by blazing and painting lines.

Contrarily, [Mr.] Wise testified that he also performed acts of possession on the property since his purchase in 1983. He testified not only does he live on the property, he maintains wood roads on the property, mows the land, and hunts on the land. He also installed deer stands and rides on the land periodically with a four wheeler. He further testified that in 1995 he cut and sold timber from the land. [Mr.] Wise stated that he has never seen [Mr.] Page on the property and never received notification from the surveyor. [Mr.] Wise further asserted that he allows his son to live in a trailer on the property. During his testimony, [Mr.] Wise informed the court of the location of his home on the survey map introduced into evidence. He asserted that a portion of his home is located on the [twenty] acres in dispute. [Mr.] Wise also provided the [c]ourt with the deed to the property asserting that he also has constructive possession of the property.

The [c]ourt agrees with the [D]efendant. Although [Plaintiffs] acquired the disputed property in 2001, they did not perform any acts of possession on the said property. [Mr.] Page states that having the property surveyed and paying taxes are acts of corporeal possession and shows that they should be maintained in possession. The [c]ourt disagrees. Jurisprudence is clear that mere surveying of property is not an act of possession. *Anderson v. Winnsboro Gin, Inc.*[, 467 So.2d 865 (La.App. 2 Cir. 1985)]. The Louisiana Supreme Court further stated in *Ree Corporation v. Shaffer*, [260 So.2d 307, 312] (La.1972), "[T]he mere payment of taxes does not constitute the physical possession required by [La.Code Civ.P. art.] 3660[2] to bring a possessory action."

Furthermore, [Mr.] Page admitted that he had not been on the property since the purchase. He further stated that he did not cultivate

---

[2]Louisiana Code of Civil Procedure Article 3660 provides:

A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper.

Subject to the provisions of Articles 3656 and 3664, a person who claims the ownership of immovable property or of a real right therein possesses through his lessee, through another who occupies the property or enjoys the right under an agreement with him or his lessee, or through a person who has the use or usufruct thereof to which his right of ownership is subject.

3

timber or cut timber or perform any other acts showing possession of the land. He stated[,] "[T]he good Lord raised the timber."

Based on the evidence presented, the [c]ourt finds [Plaintiffs] did not meet their burden of proof. [Plaintiffs] did not prove acts sufficient to constitute possession.

On August 11, 2010, the trial court signed a judgment dismissing Plaintiffs' possessory action and maintaining Defendant in possession of the immovable property in dispute.

## ASSIGNMENTS OF ERROR

Plaintiffs appeal, alleging that the trial court erred "in allowing into evidence proof of title[]" and "in determining that [they] did not prove act[s] sufficient to constitute possession."

## STANDARD OF REVIEW

The appellate standard of review of factual determinations was previously set forth by this court in *Allen v. Belgard*, 05-1284, pp. 10-11 (La.App. 3 Cir. 4/5/06), 925 So.2d 1275, 1282:

> An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A two-tiered test must be applied in order to reverse the findings of the trial court:
>
> a.   the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
>
> b.   the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
>
> *Mart v. Hill*, 505 So.2d 1120 (La.1987).
>
> Even where the appellate court believes its inferences are more reasonable than the fact finder's, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux v.*

4

*Domingue*, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. *Housley v. Cerise*, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

## LAW AND DISCUSSION

In their first assignment of error, Plaintiffs assert that the trial court erred "in allowing into evidence proof of title." Plaintiffs argue in brief that, despite their objections, the trial court allowed Defendant to introduce exhibits and elicit testimony relative to ownership or title. Plaintiffs assert that Defendant was also allowed to question their surveyor, Mr. Howell, about a Partition which was recorded in 1983 and the property description contained therein. Plaintiffs also complain that Defendant introduced the title opinion they obtained in April of 2000 which was prior to their purchase of the property at issue herein on January 9, 2001. Plaintiffs argue that the trial court erred because La.Code Civ.P. art. 3661 "specifically shows that the deeds and title opinion were not admissible into evidence."

In response, Defendant argues that he introduced "his title to show the untimeliness of [Plaintiffs'] possessory action[]" pursuant to La.Code Civ.P. art. 3658(4) which requires a possessory action to be instituted "within a year of the disturbance." Defendant also asserts that he "offered his title into evidence to prove the extent of his possession[]" and "to prove the vagueness of [Plaintiffs'] property description." Defendant asserts that "[t]he vagueness of [Plaintiffs' property] description is relevant because it precludes [them] from invoking the benefits of constructive possession."

5

Louisiana Code of Civil Procedure Article 3661 provides:

> In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue.
>
> No evidence of ownership or title to the immovable property or real right therein shall be admitted except to prove:
>
> (1) The possession thereof by a party as owner;
>
> (2) The extent of the possession thereof by a party;  or
>
> (3) The length of time in which a party and his ancestors in title have had possession thereof.

Based upon our review of the evidence, we find no error by the trial court in allowing Defendant's exhibits into evidence.  Defendant's offerings fall within the exceptions enumerated in La.Code Civ.P. art. 3661.  Defendant's evidence corroborated his testimony and, likewise, established the length of time that he has had possession of the immovable property in dispute.  Therefore, we find no merit in Plaintiffs' first assignment of error.

In their second assignment of error, Plaintiffs contend that the trial court erred "in determining that [they] did not prove act[s] sufficient to constitute possession." Plaintiffs reiterate in brief their assertion that their actions met the definition of possession.  According to Plaintiffs' brief, "[n]ot only was the property surveyed[,] but it was marked so it was clearly visible to [D]efendant that [they] claimed possession of same."

Defendant counters by asserting that he was never contacted by either Plaintiffs or Mr. Howell, their surveyor; thus, he "was unaware of who had conducted the survey and painted lines[.]"  Defendant argues that the Plaintiffs' payment of taxes and  "surveying and painting the lines did not put [him], or anyone else for that matter, on notice that [Plaintiffs were] possessing the property." Defendant contends

that "[t]here is no evidence in the record that [Plaintiffs] ever treated or in any way managed the timber . . . ," and he argues that "the act of 'raising pine trees' is not an act of possession within the meaning of [La.Code Civ.P. art.] 3658."

Possession is defined in Louisiana's Civil Code as "the detention or enjoyment of a corporeal thing, movable or immovable, that one holds or exercises by himself or by another who keeps or exercises it in his name." La.Civ.Code art. 3421. It is a "matter of fact," and a person who possesses "a thing for over a year acquires the right to possess it." La.Civ.Code art. 3422. "To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing." La.Civ.Code art. 3424. Corporeal possession is defined in Louisiana's Civil Code as "the exercise of physical acts of use, detention, or enjoyment over a thing." La.Civ.Code art. 3425. Louisiana Civil Code Article 3426 provides "[o]ne who possesses a part of an immovable by virtue of a title is deemed to have constructive possession within the limits of his title. In the absence of title, one has possession only of the area he actually possesses."

Louisiana Code of Civil Procedure Article 3655 defines a possessory action as "one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted." Pursuant to La.Code Civ.P. art. 3656, "[t]he possessory action shall be brought against the person who caused the disturbance . . . ." Louisiana Code of Civil Procedure Article 3658 mandates:

>    To maintain the possessory action the possessor must allege and prove that:
>
>    (1) He had possession of the immovable property or real right therein at the time the disturbance occurred;

7

(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;

(3) The disturbance was one in fact or in law, as defined in Article 3659;[3] and

(4) The possessory action was instituted within a year of the disturbance.

We have reviewed the evidence and agree with the factual conclusions reached by the trial court. Plaintiffs' possessory action is legally flawed because it failed to clearly and overtly establish their intent to possess the immovable property in dispute. Plaintiffs, by their own admission, had never even set foot on the property since their purchase of same in 2001. Plaintiffs did not possess within the meaning of either corporeal possession or constructive possession. Merely having the land surveyed without Defendant's knowledge is insufficient to establish either corporeal or constructive possession by Plaintiffs. Plaintiffs' actions did not demonstrate an intent to possess to Defendant, or anyone else. Therefore, we find no clear or manifest error in the trial court's factual findings relative to Plaintiffs' possession, or lack thereof. Plaintiffs failed to meet their burden of proof set forth in La.Code Civ.P. art. 3658. Plaintiffs assignments of error are without merit.

---

[3]Louisiana Code of Civil Procedure Article 3659 defines the two kinds of disturbances which give rise to a possessory action, disturbance in fact and disturbance in law, as follows:

A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.

A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.

8

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed in all respects. Costs are assessed to Plaintiffs/Appellants, Timothy and Charlotte Canerday Page.

**AFFIRMED.**