STEPHEN J. WINDHORST, Judge.
^Appellant, Board of Trustees of the Louisiana Annual Conference of the United Methodist Church, South Central Jurisdiction (“Louisiana Annual Conference”), appeals the trial court’s judgment finding that appellee, Revelation Know! *356 edge Outreach Ministry, LLC (“Revelation Knowledge”), is the lawful possessor of the property at issue and is maintained in possession of the property. For the following reasons, we reverse the trial court’s judgment.
Facts and Procedural History
The property at issue was originally donated to St. George Methodist Episcopal Church (“St. George”) in 1887. From 1887 to 1974, St. George maintained possession of the property. St. George donated the property to “the Congregation of Ninde Chapter[1] United Methodist Church” (“Ninde”) on October 10, 1974. Following the donation, Ninde took possession of the property.
Ninde was part of the connectional structure of the United Methodist Church. The United Methodist Church is a connec-tional church wherein the local church is part of a multi-tier organizational structure which is governed by representatives from each tier. Ninde was part of the New Orleans District, the | slocal governing body. Louisiana Annual Conference is the state-level governing body and is part of the national organization, the General Conference of the United Methodist Church. The law and polity of the United Methodist Church are delineated by the General Conference in a publication called the Book of Discipline of the United Methodist Church (hereafter “the Discipline”). The Discipline specifically sets forth the rules and regulations which pertain to all churches and all aspects of church life, including the acquisition, transfer, and ownership of church property.
It is undisputed that Ninde, as part of the connectional structure of the United Methodist Church, was subject to and complied with the law and polity of the general church as set forth in the Discipline. During the time Ninde was a local United Methodist Church, it accepted pastors appointed by the Louisiana Annual Conference, paid apportionments to the organization, sent delegates each year to the annual conference meeting, and functioned as a United Methodist Church congregation.
Ninde continued to utilize the property and function as a United Methodist Church until June 3, 2008, when the Louisiana Annual Conference passed “Resolution Seven,” which discontinued and abandoned Ninde as a United Methodist Church. The Discipline, paragraph 2548, dictates that when a local church is discontinued or abandoned, title to and control of church property is vested in the Board of Trustees of the Louisiana Annual Conference with jurisdiction over the local church. Louisiana Annual Conference argues that after the resolution was passed, it commenced possession of the property as the successor in title and interest to Ninde.
| ¿Shortly after the resolution, Reverend Ramonalynn[2] Bethley, District Superintendent in the New Orleans District, was provided a key to the church building. Reverend Bethley gained access to the building and removed all United Methodist Church insignia from the premises, can-celled the existing insurance on the property, placed the property on the Louisiana Annual Conference’s insurance policy, removed a fallen tree on the property, and had someone periodically check on the property. In the summer of 2009, Reverend Bethley recommended to Louisiana Annual Conference that the property be *357 sold. A verbal marketing agreement was entered into with a real estate agent and “For Sale” signs were placed on the property.
In December 2009, Theresa Martin, member and former trustee of Ninde, executed an Act of Donation which purported to donate the property in question from Ninde to Revelation Knowledge. Although the specific date Revelation Knowledge took possession of the property is not clear, sometime between December 2009 and April 2010, Revelation Knowledge entered the church building, turned on the utilities, changed the locks on the building and decorated the outside of the church property.
In April 2010, Reverend Bethley discovered that the property was occupied. She went to the property with a St. John the Baptist Sheriffs Deputy to secure the property. Reverend Bethley secured the building by placing a padlock on the outside of the front door of the building after discovering the locks had been changed and she was unable to access the building. She left a note stating that the building was owned by the United Methodist Church and the occupants could not remain in the property. Several days later, a member of Revelation Knowledge | ¿went to the St. John the Baptist Sheriffs Office with the Act of Donation and re-gained possession of the property.
Louisiana Annual Conference filed this possessory action alleging that it had uninterrupted possession of the property from June 3, 2008 to April 6, 2010, and thus, acquired the right to possess the property. The petition further alleged that an unauthorized Act of Donation was effected by Ninde to Revelation Knowledge and this possession of the property by Revelation Knowledge has caused a disturbance in law and in fact adverse to the possessory rights of Louisiana Annual Conference. Louisiana Annual Conference requested that the trial court render judgment recognizing and maintaining its possession of the property and ordering Revelation Knowledge to assert any claim of ownership to the property by a petitory action within 60 days of said judgment. Revelation Knowledge filed an answer and general denial, but admitted that an Act of Donation was passed between Ninde and Revelation Knowledge.
After a trial on the merits, the trial court rendered judgment finding that Revelation Knowledge is the lawful possessor of the property and is maintained in possession of the property. The trial court further ordered that Louisiana Annual Conference assert any claim of ownership to the property by petitory action within 60 days of the judgment. This appeal followed.
Neutral Principles of Law
The First Amendment severely circumscribes the role that civil courts may utilize in resolving church property disputes. Presbyterian Church v. Hull Church, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969). The First Amendment prohibits civil courts from resolving church property disputes on the basis of religious doctrine and practice. Id.; Serbian Orthodox Diocese v. Milivojevich, 426 U.S. 696, 710, 96 S.Ct. 2372, 2381, 49 L.Ed.2d 151 (1976); Fluker Community Church v. Hitchens, 419 So.2d 445, 446 (La.1982).
However, where the property issue does not involve doctrinal controversy, courts are entitled to utilize a “neutral principles of law” analysis involving consideration of the deeds, state statutes governing the holding of church property, the local church’s charter, and the general church’s constitution and law. Fluker, 419 So.2d at 447. This analysis requires a *358 court to examine certain religious documents, such as a church constitution, with an attitude of neutrality and non-entanglement and apply the principles in examination in purely secular terms. Id.; African Methodist Episcopal Church, Inc. v. Stewart, 09-0405 (La.App. 1 Cir. 9/17/09), 28 So.3d 1044, 1046, writ denied, 09-2276 (La.12/18/09), 28 So.3d 943.
Discussion
On appeal, Louisiana Annual Conference contends that the trial court erred by viewing Ninde as a secular unincorporated association at the time of its donation of the property to Revelation Knowledge. Pursuant to the Discipline, Ninde had ceased to exist as an entity and thus, Ninde did not have capacity to transfer the property because ownership and possession were vested in the Louisiana Annual Conference after Resolution Seven. Louisiana Annual Conference further contends that even with its erroneous view of Ninde as a viable unincorporated association on December 16, 2009, the trial court erred in giving legal effect to Revelation Knowledge’s donation deed executed by one former member of the church, when the deed was invalid under both secular and church law.
La. C.C.P. art. 3658 provides that in a possessory action, the plaintiff must allege and prove that:
|7(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.
A person is in possession of immovable property when he has corporeal possession or civil possession preceded by corporeal possession by him or his ancestors in title. La. C.C.P. art. 3660. The possession of the transferor is tacked to that of the transferee if there has been no interruption of possession. La. C.C.P. art. 3442. The parties do not contest that Ninde took corporeal possession of the property in 1974. Ninde’s possession was uninterrupted and peaceable until Resolution Seven was passed. The issue in this case involves who possessed the property after the resolution. Louisiana Annual Conference contends that it acquired possession of the property after the resolution, and therefore Ninde did not have possession of the property at the time of the donation. Revelation Knowledge concedes that Ninde was a United Methodist Church subject to the law and polity set forth in the Discipline, but possession of and title to the property was retained by Ninde until the 2009 donation and possession was transferred to Revelation Knowledge.
A person loses the right to possess immovable property either voluntarily, by transferring or abandoning the property, or involuntarily, by being evicted or expelled for more than a year or by acquiescing in a third-party’s usurpation for more than a year. Evans v. Dunn, 458 So.2d 650, 652-653 (La.App. 3 Cir.1984) (citing La. C.C. articles 3447, 3448, 3449, now La. C.C. art. 3433); See also Mire v. Crowe, 439 So.2d 517 (La.App. 1 Cir.1983); Pitre v. Tenneco Oil Co., 385 So.2d 840 (La.App. 1 Cir.1980).
|sAt the time of the resolution, Ninde was classified as an unincorporated non-profit association under Louisiana law and Ninde was also governed by the Disci *359 pline. La. R.S. 9:1051[3] provides the statutory requirements for the alienation and transfer of immovable property owned by an unincorporated non-profit association. La. R.S. 9:1051A provides in part that “[a]ny such transaction shall be authorized by resolution adopted by a majority of the members of the association who vote on the resolution at a special meeting called and held for that purpose.” Louisiana has therefore legislatively adopted a presumptive rule of majority representation with respect to alienation or encumbrance of an unincorporated non-profit association’s immovable property. Fluker, 419 So.2d at 447-448. This presumption may be rebutted by a showing of a contrary intention in its constitution, charter, by-laws, rules or regulations under which it is organized, governed, and exists. Id. at 448.
On appeal, Louisiana Annual Conference argues that after the dissolution of Ninde, pursuant to La. R.S. 12:516, the net assets of Ninde must be disposed of to Louisiana Annual Conference, a nonprofit corporation affiliated with the dissolved association. Additionally, the rules for succession of church property set forth in the Discipline governed the association between Ninde and the Louisiana Annual Conference and no particular title between them under La. R.S. 9:1051 was required.
La. C.C. art. 3441 requires either a particular title or a universal title for the transfer of possession. During the trial, Louisiana Annual Conference presented two documents, a “Trust Agreement and Perpetual Mortgage” and a “Declaration of Interest” to establish that its’ right to possession of the property was derived 19from the placement of the property in trust for the benefit of the United Methodist Church. The trial court found that neither document established that title to the property was transferred into a trust pursuant to the rule of majority representation in La. R.S. 9:1051.
We conclude that La. R.S. 12:516 is inapplicable to this proceeding. La. R.S. 12:514 provides the grounds for dissolution of an unincorporated association and the assets liquidated by a court-appointed liquidator. La. R.S. 12:516 sets forth the disposition of assets by the court-appointed liquidator. Ninde was not dissolved pursuant to La. R.S. 12:514, et seq. Accordingly, this argument is without merit.
Local congregations submit to a greater or lesser degree to the authority of the general church. Louisiana Dist., Church of the Nazarene v. Church of the Nazarene, 132 So.2d 667, 680 (La.App. 1 Cir.1961). The constitution, rules, regulations, and discipline of the general church which the local church has accepted and embraced willingly are utilized to determine the extent of authority of the local church to control church property. Id. Louisiana Annual Conference must show a Disciplinal rule which overrides the presumptive rule of majority representation, establish Ninde’s compliance with the rule, and show that compliance with the rule effectively placed Louisiana Annual Conference in possession of the property. Louisiana Annual Conference contends that it obtained possession of the property through paragraphs 2503(1)[4], 2503(6), and 2548 of the Discipline.
*360 | inLouisiana Annual Conference argues since the 1974 donation from St. George to Ninde does not contain a trust clause provision, paragraph 2503(6) of the Discipline is applicable. Paragraph 2503(6) provides that the absence of a trust clause:
... in deeds and conveyances executed previously or in the future shall in no way exclude a local church or church agency, or the board of trustees of either, from or relieve it of its connectional responsibilities to The United Methodist Church. Nor shall it absolve a local church or church agency or the board of trustees of either, of its responsibility and accountability to The United Methodist Church, including the responsibility to hold all of its property in trust for The United Methodist Church; provided that the intent of the founders and/or a later local church or church agency, or the board of trustees of either, is shown by any or all of the following:
a) the conveyance of the property to a local church or church agency (or the board of trustees of either) of the United Methodist Church or any predecessor to The United Methodist Church;
b) the use of the name, customs, and polity of The United Methodist Church or any predecessor to The United Methodist Church in such a way as to be thus known to the community as a part of such denomination; or
c)the acceptance of the pastorate of ordained ministers appointed by a bishop or employed by the superintendent of the district or annual conference of The United Methodist Church or any predecessor to The United Methodist Church. (Emphasis added).
The title owner of the property as listed in the 1974 Act of Donation is “the Congregation of the Ninde Chapter United Methodist Church.” The trial court reviewed paragraph 2305(6)(a) and relied on dicta in African Methodist Episcopal Church, Inc. v. Stewart, 09-0405 (La.App. 1 Cir. 9/17/09), 28 So.3d 1044, writ denied, 09-2276 (La.12/18/09), 23 So.3d 943, to find that the title owner was “the Congregation” of Ninde, not the United Methodist Church.[5] Without discussing ^whether Louisiana Annual Conference satisfied the requirements of paragraph 2503(6)(b) or (c), the trial court found that Louisiana Annual Conference failed to establish Ninde’s compliance with paragraph 2503(6). The trial court concluded that because Louisiana Annual Conference did not show that the property was subject to the control of the United Methodist *361 Church, it failed to establish its possession of the property.
A review of the 1974 Act of Donation to Ninde reveals that the property was donated to the United Methodist Church. Therefore, Louisiana Annual Conference showed Ninde’s compliance with paragraph 2503(6)(a). Even assuming arguendo that the property was donated to the congregation, not the hierarchical organization, Louisiana Annual Conference established through undisputed facts Ninde’s compliance with paragraph 2503(6)(b) and (c). Ninde used the name, customs, and polity of the United Methodist Church in such a way to be known to the community as a part of such denomination and it accepted ordained ministers appointed by the Louisiana Annual Conference.
The trial court committed manifest error in finding Louisiana Annual Conference did not overcome the presumption of majority representation. Paragraph 2503(6) of the Discipline is disjunctive and only requires Louisiana Annual Conference to prove one of the provisions set forth therein to show that it possessed the property.[6] The trial court did not look at each provision in paragraph 2503(6) independently, and it also did not examine the remaining two provisions which had previously been established by the parties. Louisiana Annual Conference proved all three of the provisions set for in paragraph 2503(6), even though it was not required to by the disciplinal rule. Louisiana Annual | ^Conference established Ninde’s compliance with the disciplinal rule and showed that possession of the property was vested in Louisiana Annual Conference.
Additionally, Louisiana Annual Conference argues that paragraph 2548 rebuts the rule of majority representation and placed it in possession of the property. Paragraph 2548 of the Discipline provides for disposition of local church property if the local church is discontinued or abandoned. The provision establishes that the “annual conference trustees may assume control of the real and personal, tangible and intangible property ...” Louisiana Annual Conference contends that it was placed in possession of the property with the passing of Resolution Seven in June of 2008.
At trial, Reverend Ramonalynn Bethley and Bishop William Hutchinson each testified that control of local church property is transferred to the Louisiana Annual Conference upon the local church’s discontinuation or abandonment. A review of the evidence as stated above reveals that Louisiana Annual Conference established that the “absence of trust” provision applied to place it in possession and control of the property after Resolution Seven was passed.
Applying the neutral principles of law in the examination of the documents and disciplinal rules, we find the trial court was manifestly erroneous in finding that Louisiana Annual Conference failed to establish that Resolution Seven had the effect of placing Louisiana Annual Conference in possession and control of the property. Ninde did not retain the right to *362 possess the property following the passing of Resolution Seven, and therefore Ninde did not possess the property at the time of the donation to Revelation Knowledge. Thus, we find that Louisiana 11sAnnual Conference has satisfied the requirements of La. C.C.P. art. 3658 and is the possessor of the property.
Louisiana Annual Conference further argues that the trial court erred in giving legal effect to the 2009 Donation by Ninde to Revelation Knowledge because the donation is legally defective and null. Louisiana Annual Conference claims that Ninde lacked capacity to donate and the Certificate of Authority failed to comply with the mandatory provisions of La. R.S. 12:505C and D, La. R.S. 9:1051, and with the Discipline paragraph 2539.
In a possessory action, the ownership or title of the parties to immovable property is not at issue. La. C.C.P. art. 3661; Page v. Wise, 10-1273 (La.App. 3 Cir. 3/9/11), 58 So.3d 1062, 1066. La. C.C.P. art. 3661 provides in pertinent part:
No evidence of ownership or title to immovable property or real right therein shall be admitted except to prove:
(1) The possession thereof by a party as owner;
(2) The extent of the possession thereof by a party; or
(3) The length of time in which a party and his ancestors in title have had possession thereof.
In a possessory action, the court “cannot go into an investigation of the title” of the parties. Producers’ Oil Co. v. Hanszen, 132 La. 691, 61 So. 754, 757 (1913). “A possessory suit to try the right to possession is not converted into a petitory action to try title by incidental allegations of ownership by a party, where the pleadings as a whole and especially the prayer show that possessory and not petitory relief is what is sought.” Haas Land Co. v. O’Quin, 187 So.2d 208, 211 (La.App. 3 Cir.1966). A party’s deeds of title are relevant in a possessory action only for the limited purposes enumerated under La. C.C.P. art. 3661 to show the extent of the party’s possession. Hollenshead v. Dominick, 43, 933, 43,934 (La.App. 2 Cir. 4/8/09), 9 So.3d 1051, 1057; See also Hirschfeld v. St. Pierre, 577 So.2d 747, 750 (La.App. 1 Cir. 1991).
| uBased on our review of the record, evidence of Revelation Knowledge’s title falls within the exceptions enumerated in La. C.C.P. art. 3661. The title corroborated the testimony given on behalf of Revelation Knowledge to show its intent to possess as owner and the extent of that possession. According to the limitations set forth in La. C.C.P. art. 3661, this Court cannot investigate the validity of Revelation Knowledge’s title. Whether or not such title is good and valid as against Louisiana Annual Conference is not material because the only issue before this Court is possession.
Conclusion
Based on the above stated reasons, we reverse the judgment of the trial court and find that Louisiana Annual Conference is the lawful possessor of, and is maintained in possession of, the property. We further order appellee, Revelation Knowledge Outreach Ministry, LLC, to assert any claim of ownership to the property by petitory action within 60 days of the date of the judgment or otherwise be precluded from asserting any ownership claims thereafter.
REVERSED.

. Ninde is also referred to as "Ninde Chapel United Methodist Church.”

. In the record, Reverend Bethley is referred to as "Ramonalynn,” "Ramona Lynn," or "Ramona.”

. Throughout the judgment and appellant's brief, La. R.S. 9:1051 is referred to incorrectly as La. R.S. 9:1051.4.

. The Discipline, paragraph 2503(1), mandates that immovable property belonging to local churches is held in trust for the benefit of the United Methodist Church by virtue of a trust clause. A trust clause is required to be included in all written conveyances of local church property. It is undisputed that the 1974 donation of the property from St. George to Ninde does not include a trust *360 clause. Thus, the trial court did not err in finding that this disciplinal rule did not rebut the presumption of majority representation.

. In Stewart, supra, the First Circuit decided a property dispute over ownership of property between a local church, Rising Star A.M.E., and Annual Conference of African Methodist Episcopal Church in Louisiana and Mississippi ("L & M A.M.E.”). Stewart, 28 So.3d at 1045. The court reviewed an "absence of in trust clause” in the church’s Discipline in which all five provisions must be met to vest control of the property to the L & M A.M.E. Id. at 1045-1046. Rising Star A.M.E. conceded that four of the five provisions were satisfied. Id. at 1047 Rising Star A.M.E. argued that there was no evidence that it complied with provision 2 which required ”[c]on-veyance of said property to the trustees of a local church or agency to the A.M.E. Church, Inc.” Id. The court found that this provision's language was ambiguous and that nothing in the act of sale could be interpreted to convey the property "to the A.M.E. Church, Inc.” Id. Accordingly, the trial court found that Rising Star A.M.C. was the owner of the property. Id. (Emphasis added).

. Stewart is factually and legally distinguishable from this case. In Stewart, supra, the court was determining ownership of the property, whereas here, the court was determining possession of the property. Additionally, in Stewart, the court examined an absence of trust provision that was conjunctive and in this case, paragraph 2503(6) absence of in trust provision is disjunctive. Paragraph 2503(6) provides that the property is vested in Louisiana Annual Conference if "any or all of the following” are shown, thus, Louisiana Annual Conference is only required to establish one of the above provisions for it to be vested in the possession of the property.